IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL NO. 5:06CR35-9-V

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>CRYSTAL LEA CREWS, )<br>    Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Government's "Motion For Revocation Of The Magistrate Judge's Order," pursuant to 18 U.S.C. §3145(b), filed August 7, 2006. (Doc.#67) Defendant's detention hearing was held on August 7, 2006, before United States Magistrate Judge Carl Horn. At the conclusion of that hearing, the Magistrate Judge found the Defendant eligible for release on electronic monitoring subject to a $25,000.00 unsecured bond. Defendant was also required to reside with her sister. The Magistrate Judge also requested that Defendant's mother, sister, and aunt co-sign the bond.

This Court reviews *de novo* the magistrate judge's release order. 18 U.S.C. §3145(b); *United States v. Williams*, 753 F.2d 329, 333 (4th Cir. 1985). The Court has reviewed the audio recording of the detention hearing before Magistrate Judge Horn as well as the contents of the criminal file in this matter. In addition, the Court has reviewed the Pretrial Services Report, which recommends detention.

The Bill of Indictment, returned June 28, 2006, charges Defendant with conspiring to manufacture and possess with intent to distribute methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §846, as well as two substantive possession offenses in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(A), and aiding and abetting the same in violation of 18 U.S.C. §2. The Indictment further alleges that the conspiracy offense involved at least five hundred (500) grams of a mixture and substance containing a detectable amount of methamphetamine. Defendant Crews is also charged with possession of a firearm during and in

1

relation to, or in furtherance of, the drug conspiracy, in violation of 18 U.S.C. §924(c). (*See* Bill of Indictment, Counts 1, 2, 13 and 14) Because the Grand Jury found that probable cause exists that Defendant committed an offense for which a maximum term of imprisonment of ten (10) years or more is prescribed, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. §3142(e).

In determining whether there are conditions of release that will reasonably assure the appearance of the Defendant and the safety of other persons and the community, the Court considers all evidence regarding:

(1) the nature and circumstances of the offense charged (including whether the offense if a crime of violence or involves a narcotic drug);
(2) the weight of the evidence against the person;
(3) the history and characteristics of the person, including —
(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings; and
(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . .

18 U.S.C. §3142(g).

Upon review of these factors, the Court disagrees with the Magistrate Judge's finding that bond is appropriate at this time. The nature and circumstances of the offenses charged generally favor detention in that the manufacturing and distribution of methamphetamine are serious offenses.

The weight of the evidence against Defendant Crews also favors detention. At the time of Defendant's arrest, she was with two (2) co-defendants in a vehicle in which drugs and guns were discovered.

Similarly, an analysis of the history and characteristics of the Defendant favors detention. As noted in the Pretrial Services Report, Defendant is twenty (20) years old and in her third trimester of pregnancy.[1] Defendant was born in Iredell County, North Carolina, and grew up in Caldwell County, North Carolina. Defendant's mother and sister both continue to reside in Caldwell County. Defendant has been unemployed for the last three (3) years. Defendant's prior criminal record consists of convictions in 2003 for possession of drug paraphernalia and obtaining a controlled substance by forgery. Defendant's probation was also revoked in 2003 and Defendant served a forty-five (45) day active sentence. As a result of related state charges, Defendant has been incarcerated at the Caldwell County Jail since March 2006. Critically, Defendant has a history of substance abuse although Defendant claims to have quit using methamphetamine as soon as she learned of the pregnancy. To date, Defendant has not received or participated in any substance abuse treatment. The Magistrate Judge commented that, absent Defendant's youth and pregnancy, he would require her to participate in the 45-day treatment program prior to considering release. The Magistrate Judge was also impressed with the strong family support in this case. However, the undersigned is of the view that detaining Defendant is actually in her best interest, as well as the best interest of the community and her unborn child.

Finally, the Court must examine the danger to any person or the community that would be posed by the Defendant's release. Based on the discovery of a .25 caliber handgun at the time of her arrest, the Court cannot affirmatively find that Defendant poses no danger to the community. Further, the Court wholeheartedly agrees with the Magistrate Judge that immediate inpatient drug treatment is, in fact, ideal notwithstanding the fact that Defendant is pregnant. Defendant may request that this Court review her eligibility for bond upon successful completion of the inpatient drug treatment program.

---

[1] Reportedly, the father of Defendant's unborn child is a co-defendant. Defendant stated in the detention hearing that she was no longer romantically involved with the father.

Taking all of the factors into consideration, the Court finds that no condition or combination of conditions of bond will reasonably assure the appearance of the Defendant and the safety of other persons and the community.

**IT IS, THEREFORE, ORDERED** that the Government's motion to revoke the Magistrate Judge's release order entered by the Magistrate Judge is hereby **GRANTED**. Accordingly, Defendant shall remain in custody pending further order from this Court.

**IT IS FURTHER ORDERED** that the Clerk shall certify copies of this Order to Defense Counsel, the United States Attorney, the United States Marshal, and the United States Probation Office.

Signed: August 14, 2006

Richard L. Voorhees
United States District Judge